**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ENEDELIA PEREZ MADRIZ; MARIA SALUD PEDRIZCO PEREZ; ENEDELIA PEDRIZCO PEREZ; MARIA LUISA PEDRIZCO PEREZ; JUAN PEDRO PEDRIZCO PEREZ; OLGA NATIVIDAD PEDRIZCO PEREZ; ESBEYDE YARELE PEDRIZCO PEREZ; ISABEL GUADALUPE PEDRIZCO PEREZ, | No. 17-72576 |

No. 17-72576

Agency Nos.    A206-498-590
A206-498-591
A206-498-592
A206-498-593
A206-498-594
A206-498-595
A206-498-596
A206-498-597

Petitioners,

v.

MEMORANDUM[*]

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2020[**]

Before:  GRABER, TALLMAN, and CLIFTON, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lead petitioner, Enedelia Perez Madriz, and her seven children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying asylum, withholding of removal, and relief under the Convention Against Torture. We review legal conclusions de novo and factual findings for substantial evidence. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018). "Substantial evidence review means that we may only reverse the agency's determination where 'the evidence compels a contrary conclusion from that adopted by the BIA.'" *Id.* at 908–09 (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)). We deny the petition for review.

1. Perez Madriz's jurisdictional argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 1106 (2020).

2. The BIA did not err in adopting and affirming the IJ's denial of asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13, 1208.16. Substantial evidence supports the agency's determination that Perez Madriz did not establish past persecution or a well-founded fear of persecution on account of her membership in a particular social group or any other protected basis. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A).

Substantial evidence supports the determination that Perez Madriz is not a member of the proposed social group "family members of murder victims who made reports to the police," where she did not testify that she reported the murders of her brother or brother-in-law to the police. *See Hernandez-Montiel v. INS*, 225 F.3d 1084, 1091 (9th Cir. 2000) (recognizing that whether an individual is a member of a proposed social group is a question of fact), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005) (en banc), *vacated,* 547 U.S. 183 (2006).

Substantial evidence also supports the determination that Perez Madriz's membership in the proposed social groups "family members of murder victims" and "family members of murdered police officers" lacks a nexus to her past or feared persecution in Mexico. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (recognizing that whether such a nexus exists is a factual question). Although cartel members threatened Perez Madriz and her family members at gunpoint, the record does not suggest that this incident was motivated by their family's relationship to a brother-in-law who cartel members allegedly murdered years before. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) ("Assuming that Petitioner's family is 'a particular social group' within the meaning of the statute, he has not established that he was persecuted 'on account

3

of" his family membership."). There is also no evidence that Perez Madriz or her family members have received threats or suffered physical harm in connection with the murder of her brother, a police officer.

The conclusion that Perez Madriz failed to demonstrate a well-founded fear of persecution on account of a protected ground is likewise supported by substantial evidence. Although we acknowledge Perez Madriz's fears of cartel violence, the record does not compel the conclusion that she faces a heightened risk of harm due to protected characteristics. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from . . . random violence by gang members bears no nexus to a protected ground."); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Because Perez Madriz did not make the showing required for asylum, she also did not meet the more stringent "clear probability" standard that governs withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. The issue of CAT relief is not before us where the BIA did not adjudicate Perez Madriz's CAT claim, *cf. Parada*, 902 F.3d at 914 & 914 n.12, but adopted and affirmed only the portion of the IJ's decision denying asylum and withholding of removal. Because Perez Madriz did not raise any meaningful challenge to the

4

IJ's denial of CAT relief in her appeal to the BIA, the BIA did not err in holding that the issue was waived. *See, e.g.*, *Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**